IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Christine Hogan, | ) |
| | ) **ORDER GRANTING STANDARD** |
| Plaintiff, | ) **INSURANCE COMPANY'S** |
| | ) **MOTION TO DISMISS** |
| vs. | ) |
| | ) |
| Zuger, Kirmis & Smith, PLLP, and | ) Case No. 1:23-cv-047 |
| Standard Insurance Company, | ) |
| | ) |
| Defendants. | ) |

Before the Court is Defendant Standard Insurance Company's ("Standard") Rule 12(b)(6) motion to dismiss filed on July 24, 2023. See Doc. No. 24. The Plaintiff filed a response in opposition to the motion on August 14, 2023. See Doc. No. 26. Standard filed a reply on August 28, 2023. See Doc. No. 27. For the reasons set forth below, the motion is granted.

**I.     BACKGROUND**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States. Specifically, Hogan brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3).

Standard issued Group Life Insurance Policy No. 608739 ("Policy") to Zuger, Kirmis & Smith, PLLP ("Zuger Law Firm") for the benefit of its employees. Hogan's now-deceased husband, Lawrence Dopson, was a participant employee under the Policy, and Hogan was named the beneficiary on the Policy. The Policy was owned and administrated by the Zuger Law Firm. The

1

Policy's effective date with the Zuger Law Firm was October 1, 1990.

Dopson was employed by the Zuger Law Firm as an attorney and firm partner from March 20, 1995, until his voluntary departure on November 10, 2014. Following Dopson's departure, the Zuger Law Firm continued to make monthly premium payments on behalf of Dopson for continued coverage under the Policy, and Dopson reimbursed the Zuger Law Firm for the same. Along with making continued premium payments for the Policy on behalf of Dopson, the Zuger Law Firm continued to report Dopson as an active member on both its 2017 and 2019 census of members for renewal that were submitted to Standard.

Dopson passed away on November 29, 2021. Shortly after his passing, Hogan had a telephone conversation with Dan Johnson – plan administrator for the Zuger Law Firm – during which he informed her that Dopson had a life insurance policy through the Zuger Law Firm, that Dopson was "all paid up," and that he (Johnson) would assist Ms. Hogan with completing the claim paperwork necessary for Standard to pay the life insurance benefits due to Hogan under the Policy. Johnson prepared a Proof of Death Claim Form for submission to Standard, signed on December 14, 2021. On the claim form, Johnson informed Standard that Dopson voluntarily left employment at the Zuger Law Firm November 10, 2014, but kept his term life policy with the firm, all premiums were paid through the month of Dopson's death, and Dopson had reimbursed the firm for these premiums.

The claim paperwork was received by Standard on or about December 21, 2021. On February 18, 2022, Standard denied the claim because Dopson's coverage under the Policy terminated after he left employment with the Zuger Law Firm on November 10, 2014, and he did not elect to convert to an individual policy as permitted by the Policy. Standard advised that it was necessary for them to educate the Zuger Law Firm on the process for conversion of coverage to

avoid this situation in the future. A letter from Standard dated March 10, 2022 confirmed the denial. Standard did not refund any premiums.

Hogan appealed the denial on May 10, 2022. Standard denied the appeal on June 9, 2022. Hogan commenced this ERISA action in federal court on March 10, 2023. An amended complaint was filed on July 10, 2023. Hogan asserts three claims in her amended complaint. Claim One, alleged against Standard, seeks "recovery of benefits" under ERISA, 29 U.S.C. §1132(a)(1)(B). Claim Two, alleged against Standard, seeks equitable relief under ERISA, 29 U.S.C. §1132(a)(3). Claim Three is alleged against only the Zuger Law Firm and seeks equitable relief under ERISA, 29 U.S.C. §1132(a)(3). Standard has filed a Rule 12(b)(6) motion to dismiss which has been fully briefed and is ripe for consideration.

**II.     STANDARD OF REVIEW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotes omitted). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint does not need to contain detailed factual allegations, but it must contain more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court must accept all factual allegations of the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678.

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.  The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief.  Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

### III.  LEGAL DISCUSSION

In its motion, Standard contends Hogan's claims against Standard fail as a matter of law because Dopson was not employed by the Zuger Law Firm at the time of his death as required by the Policy.  Hogan maintains Standard breached its fiduciary duties and principles of estoppel support Hogan's claims.

#### A.  Claim One – Payment of Benefits

In Claim One of her amended complaint, Hogan asserts a claim against Standard for the recovery of benefits under ERISA, 29 U.S.C. §1132(a)(1)(B).  Section 1132(a)(1)(B) allows a life insurance beneficiary to "recover benefits due to him under the terms of his plan." Id.  The terms of the plan govern a claim for benefits under Section 1132(a)(1)(B).  Powell v. Minnesota Life Ins. Co., 60 F.4th 1119, 1122 (8th Cir. 2023).  "Courts are instructed to enforce the terms of ERISA plans as they are written." Vercellino v. Optum Insight, Inc., 26 F.4th 464, 469 (8th Cir 2022); see also Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, 555 U.S. 285, 300 (2009) (explaining the terms of an ERISA plan govern the payment of benefits).

It is undisputed that Dopson was not employed by the Zuger Law Firm at the time of his

death and the terms of the group life insurance policy provide that coverage terminates automatically upon the end of employment. Dopson's employment with the Zuger Law Firm ended in November 2014. Dopson passed away in November of 2021. Although Dopson and the Zuger Law Firm continued to pay all premiums during the intervening seven years, it is clear Dopson was not covered by the Policy at the time of his death and thus Hogan has no plausible claim for benefits under Section 1132(a)(1)(B). See Powell, 60 F.4th at 1122 (affirming dismissal of claim under §1132(a)(1)(B) where the insured had no coverage under the ERISA plan's terms); Fink v. Union Cent. Life Ins. Co., 94 F.3d 489, 491-92 (8th Cir. 1996) (affirming denial of claim for ERISA life insurance benefits where the decedent was not an active employee at the time of death). Hogan's claim for the payment of benefits fails as a matter of law.

### B.     Claim Two – Equitable Relief

In Claim Two of her amended complaint, Hogan asserts a claim against Standard for equitable relief under ERISA, 29 U.S.C. §1132(a)(3). "Section 1132(a)(3) allows ERISA-plan beneficiaries … to obtain 'appropriate equitable relief' to redress breaches of fiduciary duty." Powell, 60 F.4th at 1123. "Three equitable theories of recovery are available in a breach-of-fiduciary-duty claim under §1132(a)(3): surcharge, reformation, and estoppel." Id.

Hogan contends that Standard breached fiduciary duties, is "estopped" from denying coverage by its acceptance of premiums, and "waived" enforcement of the Plan's "conversion requirement" by failing to notify Dopson of "his right and obligation to convert his coverage." See Doc. No. 23, pp. 6-7. Hogan's contentions are foreclosed by well-established Eighth Circuit case law.

First, the Eighth Circuit Court of Appeals has expressly held that "estoppel principles cannot

be used to obtain ERISA benefits that are not payable under the terms of the ERISA plan." Fink, 94 F.3d at 492. The Policy unambiguously specifies that coverage ends automatically when employment ends. Dopson's employment ended seven years before his death. And there is no allegation that Standard misled Dopson. Rather, it is alleged the Zuger Law Firm misled Standard. Since the unambiguous terms of the Policy exclude Dopson from coverage, Standard cannot be faulted for refusing to pay benefits.

Second, the Policy specifies that the entire cost of coverage premiums is paid for by the Zuger Law Firm, not by any individual insured. See Doc. No. 11-2, pp. 17-18. The Policy obligates the Zuger Law Firm, as the Plan administrator, and the entity with knowledge of its employees who satisfy the Plan's definition of Member, to make all premium payments. Id. The payment of premiums does not change the fact that Dopson was not a member of the Zuger Law Firm at the time of his death and Standard is not estopped from denying benefits because it accepted premiums. See Sippel v. Reliance Standard Life Ins. Co., 128 F.3d 1261, 1263 (8th Cir. 1997) (holding ERISA plan is not estopped from denying coverage based on receipt of premiums); see also Fink, 94 F.3d at 491-92 (holding no coverage for employee who failed to satisfy the ERISA plan's eligibility criteria despite payment of premium).

Lastly, the terms of the Policy did not require Standard to notify Dopson of his right to convert the policy to an individual policy. See Doc. No. 11-2, pp. 9-11. The failure to notify an insured of his right to convert does not amount to a breach of fiduciary duties under ERISA where the plan did not require notice. Powell, 60 F.4th at 1123. The Policy, which was available to both Dopson and the Zuger Law Firm, did not require Standard to notify Dobson of his conversion rights. Thus, Standard had no fiduciary duty to advise Dopson of the plain terms of the contract. Vercellino, 26 F.4th at 469. "An insured is presumed to have constructive knowledge of the terms

of a group policy." See Castello v. Gamache, 593 F.2d 358, 361 (8th Cir. 1979).

The suggestion that Standard had a fiduciary obligation to educate the Zuger Law Firm regarding the conversion process is not supported by case law. The Eighth Circuit has rejected this idea, holding that an insurer has "no duty to train or supervise" the plan administrator because the insurer has no "authority to select or remove the plan administrator." Fink, 94 F.3d at 492. Under ERISA and the terms of the Policy, the Zuger Law Firm is the plan sponsor and plan administrator, not Standard. See Doc. No. 11-2, pp. 16-17; See also 29 U.S.C. §§1002(16)(A) and (B) (employer is the "plan sponsor," and the plan administrator is the "person specifically so designated by the terms of the instrument under which the plan is operated" and if not so designated then is the plan sponsor). Nor does Standard have a duty to verify coverage eligibility where the plan administrator (the Zuger Law Firm) falsely represents to the insurer that the employee is eligible and the insurer "had no reason to think otherwise." Fink, 94 F.3d at 492.

Hogan's assertion of a lack of oversight or monitor and breach of co-fiduciary duties also fails as a matter of law. Standard did not appoint the Zuger Law Firm as the plan administrator and had no authority to remove the Zuger Law Firm. In addition, Standard had no knowledge of the misrepresentations by the Zuger Law Firm. An insurer has "no duty to train or supervise" an ERISA plan administrator when the insurer has no "authority to select or remove the plan administrator." Fink, 94 F.3d at 492. "It is well settled that ERISA's duty to monitor applies only to a person or entity that has the power to appoint and remove an ERISA fiduciary." Fish v. Greatbanc Tr. Co., No. 09 C 1668, 2016 WL 5923448, at *49 (N.D. Ill. Sept. 1, 2016) (citing Howell v. Motorola, Inc., 633 F.3d 552, 573 (7th Cir. 2011)). Hogan fails to allege any facts that Standard had knowledge of or participated in the Zuger Law Firm's alleged false statements to Dopson or the Zuger Law Firm's misrepresentations to Standard. To the contrary, Hogan alleges that the Zuger Law Firm

misrepresented to Standard that Dopson was an active employee of the Zuger Law Firm and the Zuger Law Firm reported to Standard that Dopson as an active member of the firm in both 2017 and 2019. It is clear and undisputed that Standard was the target of the scheme, not the perpetrator. The claim for equitable relief against Standard fails as a matter of law. Unfortunately, the cause of action in this case lies solely against the plan administrator.

### IV.     CONCLUSION

For the reasons set forth above, Standard's motion to dismiss (Doc. No. 24) is **GRANTED**. The request for a hearing (Doc. No. 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2024.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court