## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Christine Hogan, | ) |
|         Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| Zuger, Kirmis & Smith, PLLP & | ) |
| Standard Insurance Company, | ) Case No. 1:23-cv-047 |
|         Defendant. | ) |

On August 1, 2024, Plaintiff filed a Motion to Compel Disclosure and a Motion to Extend Pretrial Deadlines. (Doc. Nos. 37 and 39). For the reasons that follow, the motions are granted.

**I.     BACKGROUND**

Plaintiff filed suit against Zuger, Kirmis, and Smith PLLP ("ZKS") and Standard Insurance Company ("Standard") on March 10, 2023. (Doc. No. 1).

On July 24, 2023, Standard filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 24). On January 3, 2024, the Court issued an order granting Standard's motion. (Doc. No. 29).

The undersigned subsequently held a scheduling conference with the remaining parties on April 24, 2024. (Doc. No. 30). Plaintiff appeared. However, no one appeared on behalf of ZKS. Rather than reschedule the conference for a later date, the undersigned plowed ahead and, among other things, approved the scheduling and discovery plan submitted by the Parties in advance of the scheduling conference and scheduled a mid-discovery status conference for June 3, 2024, by telephone. (Doc. Nos. 32 and 35).

On June 3, 2024, the court convened the mid-discovery conference. (Doc. No. 36). Plaintiff

appeared but again no one appeared on behalf of ZKS. During the conference, Plaintiff advised that she had yet to receive ZKS's Rule 26(a)(1) disclosures.

On August 1, 2024, Plaintiff filed a Motion to Compel Disclosure and Motion to Extend Discovery and Pretrial Deadlines. (Doc. Nos. 37 and 39). ZKS has yet to respond.

## II.  DISCUSSION

### A.  Motion to Compel

According to Plaintiff, she contacted ZDK on June 4, 2024, the day after the mid-discovery conference, and was told by ZKS that it would follow up with her the following day. ZKS apparently failed to follow up. After waiting for several weeks, she sent emails to ZKS on July 1 and 31, 2024, to inquire about the status of its Rule 26(a)(1) disclosures but received no response.

Asserting that she had made a good faith effort to resolve this matter but that ZKS has failed to reciprocate, Plaintiff now asks the court to issue an order compelling ZKS to make its Rule 26(a)(1) disclosures and to extend the pretrial deadlines.

Rule 37 of the Federal Rules of Civil Procedure authorizes parties to file motions to compel discovery. Fed. R. Civ. P. 37(a)(1). It also requires that such motions "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action."

Local Rule 37.1 imposes more stringent preconditions on motions to compel. Specifically, it provides:

> (A) OBLIGATION TO CONFER
>
> The parties may not file a discovery motion (e.g., a motion to compel discovery, motion for sanctions, or motion for protective order) until the parties have conferred, either in person or by telephone, for the purpose of making a reasonable, good faith effort to resolve the dispute without involving the court. A written demand for relief

without more is not sufficient; the moving party must make a reasonable effort to confer, and the opposing party must make a reasonable effort to participate.

(B) OBLIGATION FOR TELEPHONIC CONFERENCE WITH MAGISTRATE JUDGE

In addition to the requirements set forth in D.N.D. Civ. L.R. 37.1 (A), the parties must not file a discovery motion until the parties have participated in a telephonic conference with the assigned magistrate judge, unless otherwise ordered by the court.

D.N.D. Civ. L.R. 37.1(A) and (B).

The court finds that Plaintiff's attempts to resolve the issue of ZKS's Rule 26 disclosures informally by appearing at the mid-discovery conference and by attempting to initiate a dialog with ZKS via email satisfy her obligations under Local Rule 37.1(A).

The Parties have not participated in a telephone conference with the undersigned with the express purposes of discussing ZKS's Rule 26(a)(1) disclosures. Plaintiff nevertheless filed her motion to compel, perhaps operating under the belief that her appearance at the mid-discovery status conference satisfied the requirements of Local Rule 37.1(B).

Fourteen days have passed since Plaintiff filed her motion and ZKS has not filed a response, lodged an objection to Plaintiff proceeding in this fashion, or contacted the court itself to request a conference to informally address the status of its Rule 26(a)(1) disclosures. Given ZKS's failure to appear for previous status conferences and its silence with respect to Plaintiff's motion, the court shall, in the exercise of its discretion, waive in this instance the requirement that the Parties participate in a status conference with the undersigned prior to filing a discovery motion. The court further deems ZKS's silence with respect to Plaintiff's motion to be an admission that it is well taken. See D.N.D. Civ. L.R. 7.1(B) ("The adverse party has fourteen (14) days after service of a memorandum in support [of a non-dispositive motion] to serve and file a response not to exceed

3

twenty (20) pages."); D.N.D. Civ. L.R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken."). Accordingly, Plaintiff's motion is granted.

    **B.**    **Motion To Extend Pretrial Deadlines**

Plaintiff asserts that the extension of pretrial deadlines is necessitated by ZKS's failure to produce its Rule 26(a)(1) disclosures.

Modification of a scheduling order is only permitted "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). While the primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements., Harris v. FedEx Nat. LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014), district courts may also consider the "existence or degree of prejudice to the party opposing a modification." Marmo v. Tyson Fresh Meets, Inc., 437 F.3d 748, 759 (8th Cir. 2006).

Given the particular circumstances of this case, the court finds there is good cause to modify the scheduling order. Consequently, the court shall grant Plaintiff's motion to extend the pretrial deadlines.

**III.**    **CONCLUSION**

Plaintiff's Motion to Compel (Doc. No. 39) is **GRANTED**. ZKS shall have until September 2, 2024, to make its Rule 26(a)(1) disclosures.

Plaintiff's Motion to Extend Pretrial Deadlines (Doc. No. 37) is also **GRANTED**. The pretrial deadlines shall be amended as follows:

    1.    The Parties shall have until October 1, 2024, to complete fact discovery and file discovery motions.

2. The deadlines for exchanging complete expert witness reports are:

   a. October 15, 2024, for Plaintiff

   b. November 1, 2024, for Defendant

   c. November 15, 2024, for rebuttal experts.

3. Discovery depositions of expert witnesses are due by January 1, 2025.

4. Dispostive motions are due by November 1, 2024.

The court shall, on its own motion, continue the final pretrial conference and trial in this matter to ensure there is sufficient time for the briefing and consideration of any dispositive motions that may be filed. Accordingly, the final pretrial conference on January 13, 2025, shall be rescheduled for March 25, 2025, at 9:00 AM by telephone. To participate in the conference, the parties should call (877) 810-9415 and enter access code 8992581. The trial scheduled for February 3, 2025, shall be rescheduled for April 8, 2025, at 9:00 AM in Bismarck (Eagle Courtroom) before Judge Hovland. A four (4) day trial is anticipated.

**IT IS SO ORDERED.**

Dated this 16th day of August, 2024.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court